UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| JINKO SOLAR (VIETNAM) INDUSTRIES COMPANY LIMITED, JINKOSOLAR (U.S.) INC., and JINKO SOLAR (U.S.) INDUSTRIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Court No. 25-00171 |

## COMPLAINT

Plaintiffs Jinko Solar (Vietnam) Industries Company Limited, JinkoSolar (U.S.) Inc., and Jinko Solar (U.S.) Industries, Inc. (collectively, "Jinko Solar"), by and through undersigned counsel, hereby allege and state as follows.

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Jinko Solar seeks review of the final determination of the U.S. Department of Commerce, International Trade Administration's ("Commerce") less-than-fair value ("LTFV") investigation of crystalline silicon photovoltaic cells, whether or not assembled into modules ("solar cells"), from the Socialist Republic of Vietnam ("Vietnam"), published as *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the Socialist Republic of Vietnam: Final Affirmative Determination of Sales at Less than Fair Value and Final Affirmative Determination of Critical Circumstances, in Part*, 90 Fed. Reg. 17,388 (Apr. 25, 2025) (*"Final Determination"*), as amended by the antidumping duty ("ADD") order published as *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the Socialist Republic of Vietnam: Amended Final Antidumping Duty Determination; Crystalline Silicon Photovoltaic*

*Cells, Whether or Not Assembled into Modules from Cambodia, Malaysia, Thailand, and the Socialist Republic of Vietnam: Antidumping Duty Orders*, 90 Fed. Reg. 26,786 (June 24, 2025) ("*ADD Order*"), corrected by *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules from the Socialist Republic of Vietnam: Amended Final Antidumping Duty Determination; Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules from Cambodia, Malaysia, Thailand, and the Socialist Republic of Vietnam: Antidumping Duty Orders; Correction*, 90 Fed. Reg. 29,843 (July 7, 2025).

2. The challenged determinations, findings, and conclusions are set out primarily in the Commerce's Issues and Decision Memorandum ("IDM"), dated April 18, 2025, accompanying the *Final Determination*, 90 Fed. Reg. 17,388.

## JURISDICTION

3. This action is filed pursuant to 19 U.S.C. §§ 1516a(a)(2)(A)(i) and 1516a(a)(2)(B)(i) to contest the *Final Determination* issued by Commerce in its LTFV investigation of solar cells from Vietnam. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFFS

4. Jinko Solar participated in Commerce's LTFV investigation of solar cells from Vietnam as a mandatory respondent that resulted in the challenged *Final Determination*. Therefore, Jinko Solar is an interested party described under 19 U.S.C. § 1677(9)(A) and has standing to bring this action under 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516(d).

## TIMELINESS OF THE ACTION

5. Parties to actions challenging Department determinations pursuant to 19 U.S.C. § 1516a(a)(2)(B)(i) regarding LTFV investigations must file a summons within 30 days of the

date of publication in the Federal Register of the final determination. 19 U.S.C. § 1516a(a)(2)(A)(i). Commerce published the *ADD Order* on June 24, 2025.

6. This action was timely commenced within thirty days of the date of publication of the *ADD Order* through the filing of the Summons on July 24, 2025. This Complaint is timely filed within 30 days of the filing of Jinko Solar's Summons. Therefore, both the Summons and this Complaint have been timely filed in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and pursuant to Rules 3(a)(2) and 6(a) of this Court.

## BACKGROUND

7. On April 24, 2024, The American Alliance for Solar Manufacturing Trade Committee ("Petitioner") filed a petition with Commerce and the U.S. International Trade Commission alleging that solar cells from Vietnam were being sold to the United States for LTFV.

8. On May 20, 2024, Commerce initiated a LTFV investigation of solar cells from Vietnam. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from Cambodia, Malaysia, Thailand, and the Socialist Republic of Vietnam: Initiation of Less-than-Fair-Value Investigations*, 89 Fed. Reg. 43,809 (May 20, 2024).

9. On July 3, 2024, Commerce selected Plaintiff Jinko Solar (Vietnam) Industries Company Limited and JA Solar Vietnam Co. Ltd. as the mandatory respondents for this LTFV investigation and thereafter issued both companies an ADD investigation questionnaire.

10. On June 26, 2024, Jinko Solar timely filed its Separate Rate Application. On August 9, 2024, Jinko Solar timely responded to Section A of the Department's ADD investigation questionnaire. On August 30, 2024, Jinko Solar timely responded to Sections C and D of the Department's ADD initial questionnaire.

11. On September 9, 2024, Commerce issued a letter to all interested parties providing them

with the opportunity to comment on the surrogate country list, the selection of a surrogate country, and the selection of surrogate values. In October 2024, Jinko Solar submitted comments containing publicly available information to value its factors of production, and thereafter submitted information to rebut Petitioner's surrogate value comments.

12.     On October 31, 2024, Jinko Solar timely responded to Commerce's Double Remedies Questionnaire.

13.     In October and November 2024, Jinko Solar responded to Commerce's Supplemental Questionnaires.

14.     In November 2024, Jinko Solar filed factual information concerning the selection of surrogate values and factual information to rebut to Petitioner's factual information concerning the selection of surrogate values.

15.     On December 4, 2024, Commerce preliminarily assigned Jinko Solar an ADD rate of 56.51%. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules from the Socialist Republic of Vietnam: Preliminary Affirmative Determination of Sales at Less than Fair Value, Preliminary Affirmative Determination of Critical Circumstances, in Part, and Postponement of Final Determination and Extension of Provisional Measures*, 89 Fed. Reg. 96, 219, 96,220 (Dec. 4, 2024).

16.     On January 2, 2025, Commerce amended its preliminary determination and assigned Jinko Solar an ADD rate of 71.85%. *Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled into Modules, from the Socialist Republic of Vietnam: Amended Preliminary Determination of Less-than-Fair-Value Investigation*, 90 Fed. Reg. 85 (Jan. 2, 2025).

17.     The Department in December 2024 conducted onsite verification of Jinko Solar's sales and factors of production in Quang Ninh Province, Vietnam. The Department accepted Jinko

Solar's minor corrections presented on the first day of verification.

18.     The Department in January 2025 conducted onsite verification of Jinko Solar's constructed export sales in California. The Department accepted Jinko Solar's minor corrections presented on the first day of verification.

19.     On March 7, 2025, Jinko Solar filed its administrative case brief challenging Commerce's preliminary determination. On March 19, 2025, Jinko Solar filed its rebuttal brief. The issues briefed included, *inter alia*, the surrogate valuation of Jinko Solar's: (1) solar glass; (2) junction boxes; (3) glue; (4) polysilicon and wafer inputs; (5) ethylenediaminetetraacetic acid inputs; (6) dust free cloth; (7) trimethyl aluminum inputs; (8) ocean freight; (9) marine freight; (10) truck freight; (11) recycled polysilicon byproduct; (12) financial ratios using certain financial statements;

20.     On April 25, 2025, the Department published its *Final Determination*. The Department assigned Jinko Solar an ADD rate of 125.91%. *Final Determination*, 90 Fed. Reg. at 17,389. On June 24, 2025, the Department published its *ADD Order* amending Jinko Solar's ADD rate to 126.18%. 90 Fed. Reg. at 26,789.

## STATEMENT OF CLAIMS

### COUNT ONE

21.     Paragraphs 1 to 20 are adopted, incorporated and re-alleged here by reference.

22.     Commerce's valuation of Jinko Solar's solar glass inputs using Indonesian imports under Harmonized Tariff Schedule ("HTS") 7007.17.90, adjusted to remove imports from Malaysia, was not supported by substantial evidence and was otherwise not in accordance with law.

### COUNT TWO

23.     Paragraphs 1 to 20 and 22 are adopted, incorporated and re-alleged here by reference.

24. Commerce's valuation of Jinko Solar's junction boxes containing a voltage of 1,500v using Indonesian import prices under HTS 8544.60.11 was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT THREE

25. Paragraphs 1 to 20, 22, and 24 are adopted, incorporated and re-alleged here by reference.

26. Commerce's valuation of Jinko Solar's W_GLUE and M_SILICON_GLUE using HTS 3506.91.10 was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT FOUR

27. Paragraphs 1 to 20, 22, 24, and 26 are adopted, incorporated and re-alleged here by reference.

28. Commerce's valuation of Jinko Solar's polysilicon and wafer inputs using Indonesian imports under HTS 2804.61.00 and 3818.00.00 was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT FIVE

29. Paragraphs 1 to 20, 22, 24, 26, and 28 are adopted, incorporated, and re-alleged here by reference.

30. Commerce's valuation of Jinko Solar's ethylenediaminetetraacetic acid inputs using Indonesian price data for imports under HTS 2922.49 was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT SIX

31. Paragraphs 1 to 20, 22, 24, 26, 28, and 30 are adopted, incorporated, and re-alleged here by reference.

32. Commerce's valuation of Jinko Solar's dust free cloth using Indonesian price data for imports under HTS 6307.10.90 was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT SEVEN

33. Paragraphs 1 to 20, 22, 24, 26, 28, 30, and 32 are adopted, incorporated, and re-alleged here by reference.

34. Commerce's valuation of Jinko Solar's trimethyl aluminum inputs using Indonesian price data for imports under HTS 2931.90.90 was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT EIGHT

35. Paragraphs 1 to 20, 22, 24, 26, 28, 30, 32, and 34 are adopted, incorporated, and re-alleged here by reference.

36. Commerce's valuation of Jinko Solar's ocean freight using the Descartes data provided by Petitioner to was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT NINE

37. Paragraphs 1 to 20, 22, 24, 26, 28, 30, 32, 34, and 36 are adopted, incorporated, and re-alleged here by reference.

38. Commerce's valuation of Jinko Solar's marine insurance using the P.A.F. Insurance Services LLC rate to is not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT TEN

39. Paragraphs 1 to 20, 22, 24, 26, 28, 30, 32, 34, 36, and 38 are adopted, incorporated, and re-alleged here by reference.

40. Commerce's valuation of Jinko Solar's truck freight SV to reflect an average unit value of $0.000608 USD per kilogram per kilometer was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT ELEVEN

41. Paragraphs 1 to 20, 22, 24, 26, 28, 30, 32, 34, 36, 38, and 40 are adopted, incorporated, and re-alleged here by reference.

42. Commerce's valuation of Jinko Solar's recycled polysilicon byproduct to reflect price data for imports under HTS 2804.61.00 was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT TWELVE

43. Paragraphs 1 to 20, 22, 24, 26, 28, 30, 32, 34, 36, 38, 40, and 42 are adopted, incorporated, and re-alleged here by reference.

44. Commerce's calculation of Jinko's surrogate financial ratios using financial statements from PT Sat Nusapersada Satnusa and PT Tera Data Indonesia Tbk was not supported by substantial evidence and was otherwise not in accordance with law.

## COUNT THIRTEEN

45. Paragraphs 1 to 20, 22, 24, 26, 28, 30, 32, 34, 36, 38, 40, 42 and 44 are adopted, incorporated, and re-alleged here by reference.

46. Commerce's application of its standard differential pricing methodology was not supported by substantial evidence, was otherwise not in accordance with law, and in fact has been invalidated by the U.S. Court of Appeals for the Federal Circuit.

## **PRAYER FOR RELIEF**

WHEREFORE, Jinko Solar requests that this Court:

(a) hold that the Department's *Final Determination* and *ADD Order* are unsupported by substantial evidence and are otherwise not in accordance with law;

(b) remand the *Final Determination* and *ADD Order* to the Department with instructions to issue a new determination consistent with this Court's decision; and

(c) provide such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        */s/ Ned H. Marshak*
        Ned H. Marshak
        Elaine F. Wang
        Brandon M. Petelin

        GRUNFELD, DESIDERIO, LEBOWITZ
        SILVERMAN & KLESTADT LLP
        1201 New York Ave., NW, Ste. 650
        Washington, DC 20005
        (202) 783-6881

        *Counsel to Plaintiffs Jinko Solar (Vietnam) Industries Company Limited, JinkoSolar (U.S.) Inc., and Jinko Solar (U.S.) Industries Inc.*

Dated: August 25, 2025

# CERTIFICATE OF SERVICE

      Pursuant to Rule 3(f) of the Rules of the Court of International Trade, I certify that on August 25, 2025, I caused a copy of the foregoing Complaint to be served upon the following individuals and notified all the interested parties who were a party to the proceeding below, by certified mail, return receipt requested:

**UPON THE UNITED STATES**
Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
**U.S. Department of Justice**
26 Federal Plaza
New York, New York 10278

Director, Civil Division
Commercial Litigation Branch
**U.S. Department of Justice**
1100 L Street, NW
Washington, DC 20530

**UPON THE U.S. DEPARTMENT OF COMMERCE**
General Counsel
**U.S. Department of Commerce**
14th Street & Constitution Avenue, NW
Washington, DC 20230

Evangeline Keenan
Director, APO/Dockets Unit
**U.S. Department of Commerce**
14th Street & Constitution Avenue, NW
Room 18022
Washington, DC 20230

**On Behalf of The American Alliance for Solar Manufacturing Trade Committee**
Laura El-Sabaawi, Esq.
**Wiley Rein, LLP**
2050 M Street, NW
Washington, DC 20036

**On Behalf of JA Solar USA Inc, JA Solar Vietnam Company Limited, Vietnam Sunergy Joint Stock Company (f.k.a. Vietnam Sunergy Company Limited) and Vietnam Sunergy Cell Company Limited**
Jeffrey S. Grimson, Esq.
**Mowry & Grimson PLLC**
5335 Wisconsin Avenue, NW
Suite 810
Washington, DC 20015

**On Behalf of NextEra Energy Constructors, LLC**
Matthew R. Nicely, Esq.
**Akin Gump Strauss Hauer & Feld LLP**
2001 K Street, NW
Washington, DC 20006-1037

**On Behalf of Trina Solar Energy Development Company Limited and Blue Moon Vina Co., Ltd**
Jonathan M. Freed, Esq.
**Trade Pacific PLLC**
700 Pennsylvania Avenue, SE
Suite 500
Washington, DC 20003

**On Behalf of Illuminate USA LLC, Invenergy Solar Equipment Management LLC, Vina Cell Technology Co., Ltd and Vina Solar Technology Co Ltd.**
Robert L. LaFrankie, Esq.
**Crowell & Moring LLP**
1001 Pennsylvania Avenue, NW
Washington, DC 20004-2595

**On Behalf of Elite Solar Power HongKong Ltd.**
Friederike Goergens, Esq.
**Greenberg Traurig, LLP**
2101 L Street NW
Washington, DC 20037

**On Behalf of Canadian Solar US Module Manufacturing Corporation**
Jonathan Thomas Stoel, Esq.
**Hogan Lovells US LLP**
555 Thirteenth Street, NW
Washington, DC 20004

**On Behalf of Hanwha Q CELLS USA, Inc.**
John M. Gurley, Esq.
**ArentFox Schiff LLP**
1717 K Street
Washington DC 20006

**On Behalf of Vietnergy Co., Ltd. and Tainergy Tech Co., Ltd.**
Jay C. Campbell, Esq.
**White & Case LLP**
701 Thirteenth Street, NW
Washington DC 20005

**On Behalf of Boviet Solar Technology Co., Ltd.**
David M. Morrell Esq.
**Jones Day**
51 Louisiana Ave., NW
Washington, DC 20001-2113

**On Behalf of Letsolar Vietnam Company Limited and Nexuns Vietnam Company Limited**
Adams Lee, Esq.
**Harris Sliwoski LLP**
600 Stewart Street
Suite 1200
Seattle, WA 98101

**On Behalf of Boviet Solar Technology Co., Ltd.**
Gregory Menegaz, Esq.
**The Inter-Global Trade Law Group PLLC**
1156 15th Street, NW
Suite 1101
Washington, DC 20005

*/s/* Ned H. Marshak
Ned H. Marshak